**JAMES H. BARTOLOMEI III, P.A.**
James H. Bartolomei III (CA Bar 301678)
Email: james@duncanfirm.com
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
Fax: (501) 228-0415

*Attorneys for Plaintiff*
*Erina Uemura*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ERINA UEMURA, | Case No. 2:26-cv-7039 |
| *Plaintiff,* | **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)** |
| v. | |
| TOBIAS RYLANDER, and TOBIAS RYLANDER, LLC, | **DEMAND FOR JURY TRIAL** |
| *Defendants.* | |

Plaintiff Erina Uemura, for her complaint against Defendants Tobias Rylander, individually, and Tobias Rylander, LLC, alleges upon knowledge as to her own conduct, and on information and belief based on the investigation of Plaintiff's counsel, as to all other conduct alleged herein, as follows.

## I. INTRODUCTION

1.     This is a civil action seeking damages for copyright infringement under 17 U.S.C. §§ 101 *et seq.*, arising from Defendants' unauthorized reproduction and public display of Plaintiff's copyrighted photographs for Defendants' own commercial benefit.

2.     Plaintiff Erina Uemura is an internationally recognized professional photographer from Japan whose work includes live concert photography and commissioned artist portraiture. Defendant Tobias Rylander, LLC is the corporate vehicle through which Tobias Rylander, an internationally recognized lighting, scenic, and conceptual designer, markets and showcases his work.

3.     Without authorization or a valid license, Defendants reproduced and publicly displayed six photographs taken by Uemura of the band The Strokes performing live in concert—photos which also depict Rylander's stage lighting design for the band—on Rylander's professional website and social media platforms as part of his portfolio and self-promotional materials. An example of such use is reproduced below.

4.     Defendants' use of Uemura's work was commercial in nature and undertaken for the purpose of promoting Defendants' business.



2

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

5. Although Defendants removed the infringing materials after receiving Uemura's notice of claims, they have failed to respond, account for their uses, or compensate Uemura for the value of those uses.

## II.  PARTIES

6. Plaintiff Erina Uemura is an individual born and presently residing in Japan.

7. Defendant Tobias Rylander is an individual residing, upon information and belief, in Los Angeles County, California. At all relevant times, Rylander was the principal and controlling member of Defendant Tobias Rylander, LLC, directed and controlled the infringing activities alleged herein, and personally benefited from those activities.

8. Defendant Tobias Rylander, LLC is a limited liability company formed under the laws of the state of California, with its principal place of business at 700 South Santa Fe Avenue, Floor 2, Los Angeles, CA 90021.

9. Whenever in this complaint it is alleged that Defendant Tobias Rylander, LLC committed any act or omission, it is meant that such Defendant's principals, officers, directors, members, managers, agents, servants, employees, subsidiaries, or affiliates committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendant, or was done in the routine normal course and scope of employment of that Defendant's agents and employees.

10. Defendant Tobias Rylander, LLC is further liable for all acts and omissions of Defendant Tobias Rylander in his capacity as its principal and managing member.

11. Unless otherwise indicated, Defendants Tobias Rylander, LLC and Tobias Rylander are referred to collectively herein as "Rylander."

## III.  JURISDICTION AND VENUE

12. This is an action for copyright infringement under the Copyright Act,

3

17 U.S.C. §§ 101 *et seq*.

13.    This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant Tobias Rylander, LLC maintains its principal place of business in this District and because Defendants have committed acts of infringement in this District.

15.    This Court has personal jurisdiction over Defendants because: (a) Defendant Tobias Rylander, LLC maintains its principal place of business in this District; (b) Defendant Tobias Rylander is, upon information and belief, an individual residing in this District who directed and controlled the infringing activities alleged herein; (c) Defendants purposefully availed themselves of the privileges of conducting business in the State of California and within this District; (d) Defendants committed acts giving rise to Plaintiff's claims in this District; and (e) Defendants derived commercial benefit from the exploitation of Plaintiff's photographs in this District.

## IV. FACTUAL ALLEGATIONS

***Plaintiff's Work and the Photos at Issue in This Dispute***

16.    Erina Uemura is an internationally recognized professional music photographer whose work includes live concert photography and commissioned artist portraiture from around the world, including major international artists like U2, Green Day, and The Strokes.

17.    Uemura derives her livelihood from the sale and licensing of her photographs in the commercial marketplace and maintains a public-facing website at https://www.erina-uemura.com/ to showcase her work and solicit assignments, licensing inquiries, and permissions requests through the contact information and email address listed there.

4

18.    Uemura's photographs are original works of authorship protected by the Copyright Act.

19.    Uemura generally licenses her photographs on a rights-managed basis, with limitations as to scope, duration, medium, and placement.

20.    The photographs at issue (the "Strokes Photographs" or the "Photographs") were created by Uemura in connection with a live performance by the musical group The Strokes at the Capitol Theater in Port Chester, New York on May 31, 2016 (the "Strokes Concert").

21.    Uemura has been the sole author and copyright holder of the Strokes Photographs at all times since their creation.

22.    Uemura registered the Strokes Photographs at issue with the United States Copyright Office under Registration Number VA 2-499-359, which bears an Effective Date of April 22, 2026.

**Defendants' Access to Plaintiff's Photographs**

23.    Defendant Tobias Rylander, LLC's principal, Tobias Rylander ("Rylander"), is a prominent lighting, scenic, and conceptual designer, who, according to his website, has designed concert lighting and sets for major musical artists and productions, including Beyoncé, Chappel Roan, Childish Gambino, FKA Twigs, and Fever Ray.

24.    Before forming and operating through Tobias Rylander, LLC, Rylander, upon information and belief, worked for Los Angeles-based creative collective Seven Design Works designing lighting and visual elements for touring and live musical events, including in 2016.

25.    As part of their 2016 tour, The Strokes performed concerts at venues across the United States, including the Strokes Concert in Port Chester, New York on May 31.

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

26. Upon information and belief, Tobias Rylander was engaged through Seven Design Works to create the production design for all or at least part of The Strokes 2016 tour, including for the May 31 Strokes Concert.

27. Sometime later, Uemura sent a selection of photographs from the Strokes Concert to Richard Priest, the then-tour manager for The Strokes.

28. On July 24, 2016, Richard Priest introduced Uemura via email to Amanda Ragan, a representative of Seven Design Works.

29. On or about July 25, 2016, Ragan emailed Uemura, stating that Priest had already shared the Strokes Concert photographs with Seven Design Works, praising the photographs, and requesting permission to use a selection of them on Seven Design Works' website to showcase and promote the company's work.

30. Uemura agreed and provided Seven Design Works with a download link to a selection of images she chose, including the Strokes Photographs at issue here, for that stated purpose. Uemura did not authorize any other use of the Photographs by Seven Design Works, nor did she authorize any use by either Defendant.

***Defendants' Unauthorized Use of Plaintiff's Photographs***

31. In or about November 2025, Uemura discovered that Rylander had reproduced and publicly displayed at least six (6) of Plaintiff's Strokes Photographs across at least seven (7) instances of use.

32. Rylander displayed five (5) of the Photographs on his professional website TobiasRylander.com (including at https://tobiasrylander.com/585-2/) and at least two (2) of the Photographs on its Instagram account (@tobiasrylander). Reproductions of these uses are attached as Exhibit A to this Complaint.

33. Upon information and belief, Rylander used the Photographs to promote his professional reputation and solicit business by presenting his stage and lighting design work for The Strokes 2016 tour as part of his commercial portfolio.

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

34. Rylander's use of the Photographs was commercial in nature, as it was made in connection with his professional portfolio and self-promotional branding.

35. Uemura never met Rylander at the Strokes Concert or elsewhere and never communicated with him by email or through any other means.

36. Uemura never granted Rylander any license or authorization to reproduce, display, or otherwise exploit the Photographs, and has never sold, licensed, or otherwise authorized Rylander's use of them.

37. Nor did either Rylander obtain any assignment, sublicense, or other right from Uemura or any other source permitting such use.

38. Although Uemura authorized Seven Design Works to display certain photographs from the Strokes Concert on Seven Design Works' website for the limited purpose of showcasing and promoting its design work, that authorization was strictly limited in scope. It did not authorize sublicensing, transfer, redistribution, or use by any third party, including Rylander, nor did it authorize use on any platform other than the Seven Design Works website.

39. Upon information and belief, Rylander obtained access to the Photographs through his affiliation with Seven Design Works, either directly from Seven Design Works' files or through Richard Priest, The Strokes' then-tour manager, who transmitted photographs to Seven Design Works in connection with the same project. Any such access arose solely through the limited authorization Uemura granted to Seven Design Works and did not confer on Rylander or his corporate form any independent right to reproduce, display, distribute, sublicense, or otherwise exploit the Photographs.

**Defendants' Presentation and Attribution of the Photographs**

40. On Rylander's website, the Photographs were displayed with the notation "© Tobias Rylander" (the "Rylander Copyright Notice") visible within the same screen view as the Photographs themselves, as shown below:

7



41.    At that viewing level, no attribution to Uemura was visible.

42.    Instead, Uemura's attribution appeared only after a viewer scrolled below the image, where it was presented as a single line of caption text among other descriptive material, as shown below:



43.    The Rylander Copyright Notice appeared in direct association with the Photographs, while Uemura's attribution appeared only within subordinate caption text located below the images.

44.    Uemura did not authorize this display of her Photographs.

8

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

*Notice and Continued Conduct*

45.     On or about February 11, 2026, Uemura, through counsel, notified Rylander of his unauthorized reproduction and public display of the Photographs via the email address listed on Rylander's official website (info@tobiasrylander.com) and by registered U.S. Mail sent to the address on file for Defendant Tobias Rylander, LLC with the California Secretary of State. She also demanded that Rylander cease such uses and provide an accounting for all uses of the Photographs.

46.     Following issuance of that notice, Rylander removed the Photographs from his website and social media accounts.

47.     However, Rylander did not respond to Uemura's notice or subsequent follow-up communications sent by her counsel.

48.     To date, Rylander has neither provided an accounting of his uses of the Photographs—including, but not limited to, the timing, duration, and scope of such uses—nor compensated Uemura for the unauthorized use of her work. As a result, the full extent of Rylander's exploitation of the Photographs remains unknown.

49.     As a direct and proximate result of Rylander's conduct, Uemura has suffered damages.

50.     Rylander's unauthorized use of the Photographs deprived Uemura of the licensing revenue she would have received had Rylander sought authorization before commercially exploiting them.

51.     Rylander's presentation of the Photographs under the Rylander Copyright Notice, with Uemura's attribution appearing only in subordinate caption text, further diminished the professional and commercial value of her authorship in connection with the works.

52.     The full nature, extent, duration, and profitability of Rylander's unauthorized uses remain facts largely within Defendants' possession, custody, and control and cannot be fully determined absent discovery.

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

53.    Prior to initiating this action, Uemura, through counsel, made a good-faith effort to resolve this matter without litigation through formal written notice and follow-up communications. Rylander failed to engage, leaving Uemura no alternative but to seek relief from this Court.

## V.  CAUSES OF ACTION

### COUNT 1 - Copyright Infringement (17 U.S.C. §§ 106, 501)

### (All Defendants)

54.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

55.    Plaintiff owns, and at all relevant times has owned, valid copyrights in the Photographs.

56.    Defendants had no license, permission, or other authorization to use, copy, publicly display, or distribute copies of the Photographs.

57.    Without authorization, Defendants volitionally reproduced and publicly displayed the Photographs on their commercial website and social media platforms.

58.    Defendants' conduct violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

59.    Defendants' infringement was willful, knowing, or in reckless disregard of Plaintiff's rights.

60.    Defendants knew, or at a minimum had reason to know, that Plaintiff is a professional photographer who licenses her work and that any reproduction or public display of the Photographs required her authorization.

61.    Defendants further knew, or at a minimum had reason to know, that neither Defendant Tobias Rylander, LLC nor Defendant Tobias Rylander had obtained Uemura's permission to reproduce or display the Photographs, particularly given Defendants' sophistication and experience in the entertainment and performing arts industries, where third-party intellectual property rights are routinely recognized, cleared, and enforced.

62.    Defendants also knew, or at a minimum had reason to know, that Plaintiff maintained a publicly accessible website through which she showcases her work and invites licensing inquiries.

63.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including, but not limited to, lost licensing fees and other damages to be proven at trial.

64.    As a result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to an award of her actual damages and any profits attributable to the infringements under 17 U.S.C. § 504(b), or statutory damages under 17 U.S.C. § 504(c), to the extent available, in amounts to be proven at trial.

65.    Plaintiff is further entitled to recover her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 504(c) and 505, as a prevailing party, to the extent available.

### COUNT II - False Copyright Information (17 U.S.C. § 1202(a))

### (All Defendants)

66.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

67.    As alleged above, Defendants displayed Plaintiff's Photographs on their website and social media platforms in connection with their commercial portfolio and self-promotional activities.

68.    In connection with those displays, Defendants placed the notation "© Tobias Rylander" directly beneath, or in immediate proximity to, the Photographs.

69.    That notation constitutes copyright management information ("CMI") under 17 U.S.C. § 1202(c).

70.    The inclusion of "© Tobias Rylander" in connection with the Photographs constituted false copyright management information because neither

11

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

Defendant Tobias Rylander, LLC nor Defendant Tobias Rylander is the author or copyright owner of the Photographs.

71.    Upon information and belief, Defendants intentionally placed this false CMI in direct association with Uemura's Photographs as displayed on their commercial platforms.

72.    Defendants knew or had reasonable grounds to know that the inclusion of the "© Tobias Rylander" notice in direct association with the Photographs would induce, enable, facilitate, or conceal Defendants' unauthorized use of the works by falsely suggesting that Rylander possessed a copyright interest in the works or was otherwise authorized to exploit them.

73.    As a direct and proximate result of Defendants' conduct, Plaintiff has been injured and is entitled to recover all remedies available under 17 U.S.C. § 1203, including statutory damages, actual damages, any profits attributable to the violation, costs, and, to the extent available, reasonable attorneys' fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendants and grant the following relief:

a.  Permanent injunctive relief under 17 U.S.C. § 502, enjoining Defendants and their agents, employees, successors, licensees, and all those acting in concert with them from further reproduction, display, distribution, or other exploitation of any of the Photographs in any medium or context without Plaintiff's authorization;

b.  Monetary Relief under 17 U.S.C. § 504, awarding Plaintiff actual damages sustained as a result of the infringement and disgorgement of all profits attributable to Defendants' infringing acts and not taken into account in computing actual damages, under 17 U.S.C. § 504(b); or, in the alternative, statutory damages, if and to the extent available, including

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

enhanced statutory damages for willful infringement, pursuant to 17 U.S.C. § 504(c);

c. Monetary Relief under 17 U.S.C. § 1203, including statutory damages of not less than $2,500 and not more than $25,000 for each violation of 17 U.S.C. § 1202(a), pursuant to 17 § 1203(c)(3)(B);

d. An order requiring Defendants to provide a full accounting of all uses of the Photographs and all revenues and profits derived therefrom;

e. Costs, and to the extent available, reasonable attorney's fees pursuant to 17 U.S.C. §§ 505 and/or 1203(b)(4)-(5) as the prevailing party;

f. Pre-judgment and post-judgment interest on all monetary awards at the applicable rate from the date of first infringement;

g. Such other and further relief as the Court deems just, proper, or equitable under the circumstances.

Dated:  June 28, 2026

By: /s/ *James H. Bartolomei*
James H. Bartolomei

*Attorneys for Plaintiff Erina Uemura*

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  June 28, 2026

By: /s/ *James H. Bartolomei*
James H. Bartolomei

*Attorneys for Plaintiff Erina Uemura*

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND COPYRIGHT MANAGEMENT VIOLATIONS (17 U.S.C. § 1202)